UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>                                Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA and MICHAEL JEFFERSON,<br><br>                              Defendants. | Civil Action No.:<br>2:25-cv-6619<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM** |

COMES NOW Plaintiff Jane Doe, through her undersigned counsel, a member of the bar of this Honorable Court, and respectfully moves this Court to permit her to pursue this action under a pseudonym "Jane Doe" only, instead of her name, and in support thereof state as follows:

**I.    INTRODUCTION**

Plaintiff, a formerly incarcerated individual who experienced horrific sexual assault, abuse, and harassment at the hands of Defendant Michael Jefferson (hereinafter "Defendant Jefferson"), who was employed at the time as a Bureau of Prisons (hereinafter "BOP") officer at Federal Detention Center – Philadelphia (hereinafter "FDC Philadelphia"), seeks to proceed anonymously in this action, including on the Complaint. As explained below, the significant risk of harm to this Plaintiff and the highly sensitive and personal nature of the allegations at issue warrant proceeding anonymously.

Any potential prejudice to Defendants is minimal and undoubtedly outweighed by Plaintiff's right to maintain her physical, emotional, and mental well-being and by the importance of protecting the sensitive and personal information that will be disclosed during this litigation including in the pleading stage. Plaintiff is willing to share her experience with this Court while

protecting her anonymity, and the public will nevertheless benefit from allowing this action by a vulnerable sexual assault victim to proceed. For these reasons and as discussed further below, Plaintiff respectfully submits that this Honorable Court should approve Plaintiff's motion to proceed anonymously.

## II.     FACTUAL BACKGROUND

As outlined in specific detail in the Complaint (ECF 1), on July 6, 2024, Plaintiff was subjected to a violent vaginal rape by Defendant Jefferson, who exploited his power and employment as a correctional officer of FDC Philadelphia to sexually assault the Plaintiff in her prison cell. Defendant Jefferson was subsequently removed from FDC Philadelphia and currently faces a four-count criminal indictment for his rape of the Plaintiff. *See* 2:25-cr-00182 (JDW) (E.D. Pa.). The trial for this criminal action is set to commence in January 2026.

On November 23, 2025, Plaintiff filed the instant action with the United States District Court for the Eastern District of Pennsylvania against United States of America (hereinafter "United States") and against Defendant Jefferson. In her Complaint, Plaintiff alleges that Defendant United States, through its agents, servants, contractors, and/or employees, including but not limited to Defendant Jefferson, failed in their duty to care for, monitor, protect, and/or supervise the Plaintiff while she was a prisoner at FDC Philadelphia. Because of recent suicide attempts she had made while in BOP custody, Plaintiff was on psychological observation status at the time of Defendant Jefferson's rape, which meant that a BOP officer should have checked on her condition every 30 minutes at a minimum. Instead, United States, through its agents, servants, contractors, and/or employees, allowed Defendant Jefferson to unlock and enter the Plaintiff's prison cell while she was asleep and to rape her. Using his institutional power and resources, Defendant Jefferson isolated the Plaintiff at her most vulnerable, and forced her to engage in sexual

intercourse with him by threats of force, actual force, and coercion. Even though Defendant Jefferson's conduct was apparent and suspicious to other BOP personnel, they did nothing to stop his rape of the Plaintiff.

As a result, Plaintiff has suffered catastrophic and unnecessary pain and suffering, as well as other injuries and damages, which continue to affect her today. Plaintiff's Complaint concerns the reprehensible and shocking rape that she suffered while in custody in gruesome detail, as well as other allegations of sensitive and personal nature, whereby she seeks relief under the Federal Tort Claims Act from the United States and under applicable state laws from Defendant Jefferson. There would be significant and irreparable damage to Plaintiff's reputation and privacy if her full name were to be revealed together with these details. Moreover, given the scandalous nature of the rape that she suffered, including the fact that the perpetrator was a federal officer, Plaintiff is concerned about the possibility of harassment, embarrassment, or retaliation by third parties if her identity were to be revealed, even though she is currently out of BOP custody. Plaintiff has a reasonable fear that widespread knowledge of her allegations might lead to severe harm, including further stigma, public shaming, and/or safety issues.

Plaintiff, while willing to bring this action in pursuit of justice, is acutely aware of these risks and respectfully seeks leave of this Court to pursue this action anonymously, under a pseudonym "Jane Doe." Denial of this motion would force Plaintiff to publicly disclose her status as a rape victim, and Plaintiff would be deterred from pursuing this litigation under such circumstances. Plaintiff has no illegitimate motive in seeking to proceed anonymously. Furthermore, Defendants will suffer no prejudice if this motion is granted, because Defendants are aware of the true identity of Plaintiff including through the criminal action against Defendant Jefferson for the rape that is the basis of this lawsuit. *See* 2:25-cr-00182 (JDW) (E.D. Pa.). In that

criminal case, the Government also acted to protect the Plaintiff's privacy by withholding her name from public filings.

### III. LEGAL ANALYSIS

In general, Courts in this Circuit allow plaintiffs to proceed anonymously in exceptional cases, when the plaintiffs show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). When a plaintiff sufficiently alleges these factors, the court should "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.*

The Third Circuit has instructed district courts to consider the following factors when deciding a motion to proceed under pseudonym: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Id.* at 409 (*quoting Doe v. Provident Life and Accident Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). In contrast, the following factors weigh against granting anonymity: "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately

motivated." *Megless*, 654 F.3d at 409 (*quoting Provident Life*, 176 F.R.D. at 467-68). These factors are not comprehensive, and courts are required to consider all the relevant facts of a particular case. *Megless*, 654 F.3d at 410.

Here, the allegations contained in the Complaint constitute special circumstances in which Plaintiff's need for anonymity substantially outweighs any potential prejudice to the opposing party and the public's interest in knowing the party's identity. Courts have routinely allowed pseudonyms in cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality," showing its particular focus on the importance of privacy in matters involving sexual acts and health. *Meglass*, 654 F.3d at 408. Courts in this Circuit have been especially attuned to the importance of protecting the anonymity of survivors of sexual assault, to protect them both from the risk of retaliatory harm and from further violations of their privacy. *See Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting motion to proceed under pseudonym in case where plaintiff claimed she was sexually assaulted by defendant state trooper); *Doe v. Princeton Univ.*, 2020 WL 3962268, at *2 (D.N.J. Jul. 13, 2020) (granting motion to proceed under pseudonym in case where plaintiff alleged she was sexually assaulted).

In the present case involving graphic allegations of rape in custody, disclosure of Plaintiff's identity creates a significant risk of harm and invasion of privacy that Plaintiff reasonably fears and is vulnerable to. The *Megless* factors strongly support granting Plaintiff's motion to proceed as "Jane Doe."

    a. **First Factor that Supports Anonymity**

Plaintiff Ms. Doe has maintained her anonymity in the parallel criminal matter against Defendant Jefferson, and wishes to continue to keep her confidentiality, which weighs heavily in favor of granting leave to proceed under a pseudonym. *See Doe v. Oshrin*, 299 F.R.D. 100, 103

(D.N.J. 2014) ("Plaintiff's identity is not disclosed in any of the pleadings, motions, and/or exhibits in this action. In addition, Plaintiff asserts that her identity was kept confidential throughout the criminal proceedings. The Court therefore concludes that the first factor favors anonymity."); *Princeton Univ.*, 2020 WL 3962268, at *2 (same). In the interest of protecting her anonymity, Ms. Doe also filed her Unopposed Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on Defendant Jefferson's rape that is the basis of this lawsuit, under seal. *See* 2:18-cr-00271 (MJH) (W.D. Pa). The Order granting said Motion was also filed under seal by the court.

### b. Second Factor that Supports Anonymity

Plaintiff has reasonable and substantial grounds for seeking anonymity, as the very nature of this case is extremely stigmatizing as it involves a vaginal rape at the hands of a federal officer. Plaintiff's fear of adverse consequences by publicly identifying with this lawsuit is reasonable given her detailed allegations of sexual assault. *See Evans*, 202 F.R.D. at 176; *Princeton Univ.*, 2020 WL 3962268, at *3-*4 (finding that the second factor weighed in favor of anonymity where the plaintiff was a victim of sexual assault, because "victims of sexual assault have been deemed members of a vulnerable class worthy of protected status").

### c. Third Factor that Supports Anonymity

As to the third factor, there is a "legitimate interest in maintaining the confidentiality of a litigant who was sexually assaulted by a government official so she can vindicate her rights without fear of the repercussions in her personal, professional, or social life." *Provident Life*, 176 F.R.D. at 468). Indeed, courts in this District have found that the public has a particularly heightened interest in safeguarding the identities of sexual assault victims "where law enforcement officers are involved … so that other victims will feel more comfortable suing to vindicate their rights." *Evans*, 202 F.R.D. at 176. Here, Ms. Doe was a victim of a gruesome rape by a federal officer who

was entrusted with her care and protection. As a former incarcerated individual, she still needs to regularly interact with probation and other law enforcement officials. Therefore, she is particularly vulnerable to possible harassment, embarrassment, and/or retaliation if her identity were to be released to the public.

### d. Fourth and Fifth Factors that Support Anonymity

While the public has some interest in knowing the Plaintiff's identity, the public has an overriding interest in encouraging survivors of sexual abuse (especially abuse perpetrated by government actors and/or public employees) to come forward and pursue justice. *See Evans*, 202 F.R.D. at 176. Here, Ms. Doe may not be willing to proceed with her lawsuit if she is not permitted leave to proceed under a pseudonym. It would be a gross injustice if Ms. Doe cannot be compensated for the injuries that she suffered because of the fear of reputational harm and invasion of privacy. Moreover, such injustice would further discourage other victims of sexual abuse in custody from accessing the courts to redress such injustice, harming the overall public interest.

### e. Sixth Factor that Supports Anonymity

Plaintiff has no illegitimate motives in seeking to proceed anonymously. She wishes to shed light and seek justice regarding the sexual assault that she suffered, at the emotional expense of having to re-live the details of her trauma during the litigation. However, she is not willing to face the fear that every time someone searches her name, this lawsuit and its gruesome details will appear.

### f. Three Factors that Support Disclosure

For similar reasons, the *Megless* factors that weigh against anonymity are not germane to Plaintiff's situation. While Plaintiff acknowledges the universal interest in favor of open judicial proceedings, Ms. Doe is not a public figure such that there would be a particularly strong public

interest in knowing her identity. On the other hand, she is suing a former officer with the Federal Bureau of Prisons as well as the United States, alleging that Defendant Jefferson used his position of authority to rape her and that other federal officers ignored concerns about his behavior. These sensitive allegations highlight the crucial importance of Ms. Doe maintaining her anonymity.

Defendants will suffer no prejudice because they are aware of the Plaintiff's identity. They will not in any way be hindered in presenting their defense if this motion is granted. Defendants possess information and knowledge regarding Ms. Doe as an individual who was formally incarcerated under their custody and control. Indeed, Ms. Doe's rape by Defendant Jefferson has been a subject of criminal and administrative proceedings, and therefore, Defendants are fully aware of the Plaintiff's identity. *See* 2:25-cr-00182 (JDW) (E.D. Pa.).

If the Court so requires, Plaintiff will submit a Complaint under seal bearing her full name or otherwise provide Defendants with her full name under a separate cover in a manner that is protected from public disclosure.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiff's within motion should be granted and Plaintiff should be permitted to proceed in this action under pseudonym "Jane Doe" only.

Dated: November 23, 2025

Respectfully Submitted,

S/ *Emma Klein*
**Emma Klein**
The Jacob D. Fuchsberg Law Firm, LLP
3 Park Avenue, 37th Floor,
New York, NY 10016
Pennsylvania Bar No. 337384
Tel: (212) 869-3500 Ext. 234
e.klein@fuchsberg.com
*Attorney for Plaintiff*